The Case, Dillon was Indebted to Diggs 8. 1. 7. Curr’t Money He arrests him and the Court held him to Bail.
Dillon in the Custody of the Sherif confesses Judgm’t for the Debt and Judgm’t is entered up ag’t him accordingly the 20th May 1730 But no Order was entered for Committing him, nor was he charged in Ex’on. But he was Committed by Order Ore tenus. Dillon before the Court gave in a Schedule of his Estate upon Oath, According to the Act of Assembly 1726. And the Court thereupon Ordered the Sherif to discharge him And for obeying that Order the Pit. hath brought this Action ag’t the Deft, who was the Sherif of Goochl’d County where the Proceedings were
The Pit. in his Decl. sets forth that Dillon was Indebted to him 8. 1. 7. That he Arrested him and he confessed Judgm’t in Custody of the Deft, and that the Pit. intended to charge him in Execution but the Deft, suffered him to make his Escape
*R79 The Pit. By the Act of 1726. the Court had a Power to discharge Dillon, if he had been charged in Execution. Of this there can be no doubt But as the Pit. had not actually charged him in Ex’on. it will be argued for the Pit. that he is out of the Act; That the Court did wrong, And that the Sherif is Answerable for their Error
But I think it is clearly ag’t the Pit. every way, It is generally true that a Man shall not be in Exec’on. with’t the prayer of the Party tho’ he be in Custody, and the reason of this is in favour to the Officer in whose Custody he is. That he shou’d have Special notice of every Judgm’t ag’t his Prisoner,because he can’t be Supposed to know every Judgm’t against every Prisoner This is clear in the Cases 1. Rol. Abr. 894. 895. 896. Salk. 272. 1. Keb. 775. 764. But where a Man is Committed for want of Bail, by the Court at the prayer of the Pit. and he confesses Judgm’t in Custody, and then the Sherif Imprisons him, the Sherif must know him to be charged with that Judgment, and there needs no other prayer to charge him But the Law will suppose him in Execution without any more
So is the Case of Garnon. 5. Co. 88. and Bonner & Stukely 1. Rol. Abr. 895. & Dyer 368. Cro. Eliz’a 707. Where the Deft was taken upon a Capias Utlagatum [?] and Committed, he was held to be in Execution, for the Pit. without prayer Because the Outlawry was at the Suit of the Party. See the Case in Dyer
But certainly the Court here and the Sherif knew the Cause for which Dillon was Committed and it cou’d not be without the desire of the Pit. And when he delivered up his Estate According to the Act they had Power to discharge [188] him by any Reasonable Construction that can be made of it. Otherwise this Dillon and all Persons in the same circumstances must be in Prison at the Will of their Creditors ’till they shall be disposed to charge them in Execution, and what real difference can there be between this Case of a Man imprisoned upon an Execution certainly there can be none Or what Damage has the Pit. Sustained. Since if he had charged Dillon in Execution, As the Decl. says he intended, the Discharge must have been Legal
But if this point were Otherwise the Sherif is not Answerable in this Case If the Court made an Erronious Order in a matter that they had Cognizance of the Sherif must not dispute with them, but is bound to Execute their Order
*R80 So is Bushes Case Cro. Eliz’a 188. Sherif of Durhams Case ib. 576. 893. Dunry’s Case 5. Co. 142. 143. Mr. Kelleys Case 9. Co. 68. 2. Leon’d 84. 85. Cro. Ja. 28. 8. 9. Arguendo.
Besides here the Cause of Action is for 8. 1. 7. which is too low a value for this Court to take Cognizance of If it be objected that there is another Reason why a Man shall not be in Execution without prayer of the Party, because perhaps he may chuse another Exec’on
According to the Case in 1. Rolls. Abr. 895.
It may be answered that of his own Shewing he intended to Charge him in Execution So that there is nothing in this Cause but a little Law, Cunning and contrivance and a vain Attempt, I hope to make an Innocent Man pay a desperate Debt, There is no wrong done tothePlt, No fault in the Deft. I pray-Judgment
And the Court gave Judgm’t for the Deft., Only Mr. Grymes Dissented, because he was of Opinion Dillon was not in Ex’on.